**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

ANTHONY M. GARRAWAY,

                Petitioner,                No. 04-CV-1281
                                               (LEK/DRH)
   v.

GLENN GOORD, Commissioner; and
MICHAEL A. CORCORAN, Superintendent,

                Respondents.

---

APPEARANCES:                                  OF COUNSEL:

ANTHONY M. GARRAWAY
Petitioner Pro Se
No. 03-B-0024
Cayuga Correctional Facility
Post Office Box 1186
Route 38A
Moravia, New York 13118

HON. ANDREW M. CUOMO                    MARIA MORAN, ESQ.
Attorney General for the                       Assistant Attorney General
   State of New York
Attorney for Respondents
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER[1]

Petitioner pro se Anthony M. Garraway ("Garraway") is currently an inmate in the

---

[1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

custody of the New York State Department of Correctional Services ("DOCS") at Cayuga Correctional Facility. Garraway was found guilty on January 6, 2003 of four counts of prohibited animal fighting and three counts of perjury after a jury trial in Broome County Court. He is currently serving a total indeterminate sentence of four years and ten months to eleven years imprisonment. Garraway now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the ground that he was denied the right to a fair trial by an impartial jury. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

During 2001, Garraway trained and fought pit bulls at his residences in the Town of Dickinson and the Village of Endicott. Docket No. 10, Ex. 1 at 1373-74, Ex. 3 at R4-14.[2] On January 7, 2002, Garraway was indicted by a grand jury and charged with fifteen counts of prohibited animal fighting and six counts of animal cruelty. Ex. 5 at 2. On January 4, 2002 Garraway falsely testified before the grand jury that he had no knowledge of, or participation in, dog fighting. Id. Witnesses testified at trial that they videotaped and were present during a dogfight at Garraway's residence. Id. at 2-3. Other witnesses testified to the accuracy of the transcription of Garraway's testimony before the grand jury. Id. at 3. The evidence established that Garraway trained and fought pitbulls at his residences and that he perjured himself regarding dogfighting and training when testifying before the grand jury. Id.

---

[2] "Ex." followed by a number refers to the exhibits filed with the respondents' answer. Docket No. 10.

Garraway was arrested, indicted, tried, found guilty, and sentenced as indicated above. The Appellate Division unanimously affirmed the conviction and sentence. People v. Garraway, 9 A.D.3d 506 (3d Dep't 2004). Application for leave to appeal to the New York Court of Appeals was denied on August 26, 2004. Ex. 9. Application for leave to appeal to the New York Court of Appeals was also denied after reconsideration on October 27, 2004. People v. Garraway, 817 N.E.2d 830 (N.Y. 2004). This action followed.

## II. Discussion

### A. Exhaustion of State Court Remedies

As a threshold matter, respondents contend that Garraway has procedurally defaulted on his claims. Respondents' Mem. of Law (Docket No. 10) at 4. An application for a writ of habeas corpus may not be granted until the petitioner has exhausted all remedies available in state court unless there is an "absence of available state corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b). In order to satisfy the exhaustion requirement, a petitioner must do so both procedurally and substantively. Procedural exhaustion requires that a petitioner raise all claims in state court prior to raising them in the habeas corpus petition. Substantive exhaustion requires that a petitioner "fairly present" any federal constitutional claims to the state courts. Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)).

-3-

A petitioner can fairly present his or her federal constitutional claims, even without referring to "book and verse" of the Constitution, in several ways. Daye v. Attorney Gen., 696 F.2d 186, 192 (2d Cir. 1982). Specifically, a petitioner may fairly present federal constitutional claims to a state court when she has not cited the Constitution by (1) relying "on pertinent federal cases employing constitutional analysis," (2) relying on state case law which applies constitutional analysis to similar facts, (3) asserting the federal constitutional claims "in terms so particular as to call to mind a specific right protected by the Constitution," or (4) alleging "a pattern of facts that is well within the mainstream of constitutional litigation." Id. at 194.

Garraway fairly presented his federal constitutional claim to the New York state courts by relying upon state case law which employs pertinent constitutional analysis and by asserting his constitutional claims in language that clearly calls to mind a specific right protected by the Constitution.   After summations were made during Garraway's jury trial, Garraway notified the trial judge that he was concerned that one of the jurors was biased because he had observed her outside of court conversing with law enforcement officers throughout the trial. Ex. 1 at 1353-54. The court declined to take any action and informed Garraway that seeing a juror conversing with police officers during the course of the trial was an insufficient basis to excuse a juror. Id. at 1354. Facts alleging that a juror, who was incapable of being impartial, was not removed when challenged are well within the mainstream of due process constitutional litigation.

Garraway argued in his appellate brief to the Appellate Division that the trial judge's failure to question the challenged juror about her ability to be impartial amounted to reversible error. Ex. 4 at 3-4. Garraway's appellate brief states that "[t]he harmless

-4-

error argument is unavailable," and cited to People v. Rodriguez, 71 N.Y.2d 214 (1988), to support this proposition. Ex. 4 at 4. In Rodriguez, the New York Court of Appeals stated that "[t]he constitutional right of a criminal defendant to a fair trial includes both the right to be tried by the jury in whose selection the defendant himself has participated, and the right to an impartial jury." 71 N.Y.2d at 218. The New York Court of Appeals cited to both its state constitution and the Sixth and Fourteenth Amendments to the United States Constitution to support this proposition. Id. It further stated that the New York legislature enacted Ny> Crim. Proc. Law § 270.35 to protect the impartiality of the jury and to safeguard a defendant's constitutional rights to participate in choosing an impartial jury. Id. Therefore, Garraway procedurally and substantively asserted his constitutional claim to the Appellate Division.

Garraway fairly presented his constitutional claim to the New York Court of Appeals as well. In his application for leave to appeal to the New York Court of Appeals, Garraway stated that the Appellate Division's decision "violates Mr. Garraway's rights to a fair trial by an impartial jury." Ex. 8 at 2. This language clearly calls to mind a specific right protected by the Constitution, the rights to due process and to an impartial jury, and thus Garraway fairly presented his constitutional claims to the New York State Court of Appeals.

Therefore, Garraway has procedurally and substantively exhausted his state court remedies, and respondents' contrary contention is rejected.

### B. Independent and Adequate State Grounds

Even when a petitioner has exhausted his state court remedies, a federal habeas

-5-

court is precluded from reviewing a petition if the state court's rejection of the argument rests on "independent and adequate state grounds." Coleman v. Thompson, 501 U.S. 722, 736 (1991); Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000). This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar. Harris v. Reed, 489 U.S. 255, 262 (1989); Jones, 229 F.3d at 118.

The last state court to render a judgment here was the Appellate Division. Garraway, 9 A.D.3d 506. The Appellate Division decided Garraway's claim on the merits determining that there was nothing on the record that suggested that the juror's interactions with law enforcement officials caused the juror to make a premature finding of guilt or innocence. Id. The Appellate Division concluded that without more, Garraway's "observations of the juror's outside associations with various law enforcement officials were not indicative of partiality." Id.

Therefore, the Appellate Division did not base its decision on independent and adequate state grounds, and this Court may review Garraway's claims under 28 U.S.C §2254.

### C. Merits

Under the federal habeas corpus statute, an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court may not be granted when the state court has adjudicated the claim on its merits unless the state court's decision was (1) "contrary to, or involved an unreasonable application of" federal law, as interpreted by the Supreme Court of the United States, or (2) "based upon an

unreasonable determination of the facts in light of the evidence." 28 U.S.C. § 2254(d).

A state court decision is contrary to the Supreme Court's precedent when (1) it is contrary to Supreme Court precedent on a question of law, or (2) the state court decision addressed a set of facts that was "materially indistinguishable" from a relevant Supreme Court case but arrived at an opposite result of that reached by the Court. Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

Under § 2254, a federal habeas court must apply a "presumption of correctness" to a state court's factual findings and a habeas petitioner bears the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A trial court's determination of whether a juror's impartiality has been compromised is a factual determination that is entitled to a presumption of correctness. See Arizona v. Washington, 434 U.S. 497, 513 (1978) (determining that a federal court on habeas review must accord deference to a state trial judge's evaluation of juror bias).

The Due Process Clause of the Fourteenth Amendment guarantees defendants the right to a fair trial. U.S. Const. amend. XIV, § 1. This means that the state court's proceedings must comport with the "fundamental fairness essential to the very concept of justice." Lisenaba v. California, 314 U.S. 219, 236 (1941); Dunnigan v. Keane, 137 F.3d 117, 125 (2d Cir. 1998). The Sixth Amendment to the U.S. Constitution grants criminal defendants the right to be tried "by an impartial jury." U.S. Const. amend. VI. In addition, "[o]ne touchstone of a fair trial is an impartial trier of fact–a jury capable and willing to decide the case solely on the evidence before it." McDonough Power Equip. v. Greenwood, 464 U.S. 548, 554 (1984). The right to trial before an impartial trier of fact therefore implicates due process as well as Sixth Amendment rights. United States v.

-7-

Newlson, 277 F.3d 164, 201 (2d Cir. 2002).

Unauthorized communication by a third person with a juror must be investigated by the judge to determine if that juror's impartiality has been affected. The judge then has the discretion to decide upon the appropriate action to take. Marshall v. United States, 360 U.S. 310, 312 (1959); United States v. Aiello, 771 F.2d 621, 629 (2d Cir. 1985). Whether the impact of such unauthorized contact denied a defendant the fundamental right to a fair trial turns on the "special facts" of each case which include the "content of the communication and the apparent sensitivity of the juror." Aiello, 771 F.2d at 629; Sher v. Stoughton, 666 F.2d 791, 795 (2d Cir. 1981). In addition, the Constitution does not require a new trial every time a juror has been placed in a potentially compromising situation. Smith v. Phillips, 455 U.S. 209, 217 (1982).

Here, Garraway contends that the state trial court erred by denying his request to have a juror questioned right before the judge instructed the jury. Ex. 1 at 1353-54. However, Garraway has presented no evidence that his conviction was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. Garraway also failed to argue that the state court's decision was based on an unreasonable determination of the facts. Additionally, Garraway has not submitted any evidence to overcome the presumption that the challenged juror was not biased. Moreover, Garraway does not claim that the juror was actually biased; he simply argues that she may have been biased and that the judge's refusal to question her about her interactions with law enforcement agents was a violation of his fundamental rights. Thus, there is no indication that the trial court erred in refusing to question the juror.

Therefore, the petition on this ground should be denied.

### III.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED:  January 5, 2007
         Albany, New York

David R. Homer
United States Magistrate Judge